AO 245 S (Rev. 2/99)(EDVA rev.1) Sheet 1  dgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Richmond Division

UNITED STATES OF AMERICA

v.

**JAMAL ANDERSON**

Defendant.

Case Number 3:99CR00235-001

REDACTED

## JUDGMENT IN A CRIMINAL CASE

The defendant, JAMAL ANDERSON, was represented by Esther J. Windmueller, Esquire.

The defendant entered a plea of guilty to count 1 and 2 of the Indictment. Accordingly, the defendant is adjudged guilty of the following count(s), involving the indicated offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | Conspiracy to Possess With Intent to Distribute Cocaine | 07/20/99 | ONE |
| 21:841(a)(1) & 18:2 | Possession With Intent to Distribute Cocaine; Aiding and Abetting | 07/13/99 | TWO |

As pronounced on December 20, 1999, the defendant is sentenced as provided in pages 2-6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this 20th day of December, 1999.

A TRUE COPY, TESTE:
NORMAN H. MEYER, JR., CLERK

BY _____
DEPUTY CLERK

_____
Robert E. Payne
United States District Judge

Defendant's SSN:              2456   USM#: 35676-083
Defendant's Date of Birth:    -73
Defendant's mailing address:           New Castle, DE 19720
Defendant's residence address:         New Castle, DE 19720



AO 245 S (Rev. 2/99)(EDVA rev.1) Sheet 2 -    risonment

Judgment--Page 2 of 6

Defendant: JAMAL ANDERSON
Case Number: 3:99CR00235-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of NINETY-SIX (96) MONTHS on each of Counts One and Two of the Indictment and said terms of imprisonment shall be served CONCURRENTLY each with the other.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

Defendant delivered on __8-7-00__ to __7 ct SCH__ at __Minersville__, PA , with a certified copy of this Judgment.

c: P.O. (2) (3)
   Mshl. (4) (2)
   U.S.Atty.
   U.S.Coll.
   Dft. Cnsl.
   PTS
   Financial
   Registrar
   ob

R.M. Reush, Warden
United States Marshal

By   J. Shannon, LTE
     Deputy Marshal

Defendant: JAMAL ANDERSON
Case Number: 3:99CR00235-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FOUR (4) YEARS on each of Counts One and Two of the Indictment and said terms of imprisonment shall be served CONCURRENTLY each with the other.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

> The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
>
> While on supervised release, the defendant shall not commit another federal, state, or local crime.
>
> While on supervised release, the defendant shall not illegally possess a controlled substance.
>
> While on supervised release, the defendant shall not possess a firearm or destructive device.
>
> If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below):
1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:06-cr-00139-SLR   Document 4   Filed 12/12/2006   Page 4 of 6

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet 3 (cc    ) - Supervised Release

Judgment--Page 4 of 6

Defendant: JAMAL ANDERSON
Case Number: 3:99CR00235-001

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional conditions:

1) The defendant shall not incur any new credit card charges or open any additional lines of credit without the approval of his Probation Officer.
2) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 5 days of release on supervised release and at least two periodic drug tests thereafter, as directed by his Probation Officer.
3) The defendant shall participate in a program approved by his Probation Office for substance abuse, which program may include residential treatment and testing to determine whether he has reverted to the use of drugs or alcohol. The defendant shall be responsible for ONE HUNDRED PERCENT (100%) of the cost of said program, treatment and testing, as directed by his Probation Officer.
4) The defendant shall participate in a mental health program, specifically designed to address anger management, as directed by his Probation Officer.
5) The defendant shall provide his Probation Officer with access to any requested financial information.
6) The defendant shall pay a total special assessment in the amount of TWO HUNDRED AND NO/100 DOLLARS ($200.00) IMMEDIATELY. The defendant shall pay the total special assessment during his term of incarceration. As an additional special condition of supervised release, the defendant shall pay any unpaid special assessment balance during his term of supervised release, as directed by his Probation Officer.

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet 5 - Financial Penalties

Judgment--Page 5 of 6

Defendant: JAMAL ANDERSON
Case Number: 3:99CR00235-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total monetary penalties in accordance with the schedule of payments set out below.

| Count | Special Assessment | Fine |
|---|---|---|
| ONE | $100.00 | |
| TWO | $100.00 | |
| **Total** | **$200.00** | |

### FINE

No fines have been imposed in this case.

### SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The special assessment is due in full immediately. If not paid immediately, the court authorizes the deduction of appropriate sums from the defendant's account while in confinement in accordance with the applicable rules and regulations of the Bureau of Prisons.

Any special assessment, restitution, or fine payments may be subject to penalties for default and delinquency.

If this judgment imposes a period of imprisonment, payment of Criminal Monetary penalties shall be due during the period of imprisonment.

All criminal monetary penalty payments are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

## RESTITUTION AND FORFEITURE

### RESTITUTION

Restitution has not been ordered in this case.

### FORFEITURE

Forfeiture has not been ordered in this case.